PATRICK GALLAGHER, Respondent, *v.* SUSANNA S. MINTURN, Appellant.

*Architect's certificate — under what form of contract it is not conclusive upon the parties thereto.*

A building contract, executed between an owner and a contractor, provided that, "in consideration of the covenants and agreements therein being strictly performed and kept" by the contractor, the owner would pay a sum named in monthly payments by percentages, based on the amount of work done, "the final payment to be made upon the completion and acceptance of the work by the architects * * * provided that in each of the said cases a certificate shall be obtained from and signed by the said architects," and further provided that any dispute as to the value of extra work or of work omitted should be decided by an umpire, whose decision should "be binding on all parties."

*Held*, that a certificate given by the architects, which merely stated that the contractor was entitled to a certain sum, "having supplied materials and done work amounting, in our judgment, to that sum over and above amounts of previous payments and being the balance in full," was not conclusive upon the parties to the contract.

APPEAL by the defendant, Susanna S. Minturn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of Sep-

tember, 1897, on the decision of the court, rendered after a trial at the New York Special Term.

*Austen G. Fox,* for the appellant.

*George S. Hastings,* for the respondent.

INGRAHAM, J. :

The action was brought for the balance claimed to be due upon a contract for building a house in the city of New York, and for extra work performed by the plaintiff, who was the contractor. The contract provided that the defendant " will, in consideration of the covenants and agreements being strictly performed and kept by the said party of the second part, as specified, well and truly pay, or cause to be paid unto the said party of the second part, his executors, administrators or assigns, the sum of fourteen thousand seven hundred and ninety dollars lawful money of the United States of America, in the manner following : In monthly payments of 85% of the amount of work done during each month, the final payment to be made upon the completion and acceptance of the work by the architects, and the return to them of all drawings issued during the construction of the building ; provided, that in each of the said cases, a certificate shall be obtained from and signed by the said architects." By the 5th clause of the contract it was provided that " should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by architects, and their decision shall be. final and conclusive ; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons — one employed by the owner and the other by the contractor — and those two shall have power to name an umpire, whose decision shall be binding on all parties."

There is no clause in this contract making the architects the arbitrators as between the parties as to the completion of the contract or the value of the extra work, or that the decision of the architects shall be binding upon the parties, except so far as the contract provides that the amount to be paid to the plaintiff should not be payable until a certificate had been obtained from and signed by the architect.

Upon the trial evidence was given by the plaintiff tending to show that he had completed the contract, although it was admitted by him that in building one of the chimneys two flues had been allowed to run together, so that, instead of there being an independent flue for each fireplace, for two fireplaces there was but one flue. There was also testimony given by the defendant which tended to show that a certain part of the work had not been finished as required by the contract and specifications, but upon the objection of the plaintiff this was subsequently stricken from the case. When the work was about completed, although it seems to be conceded that the contract had not been complied with in some small details, the architects executed and delivered to the plaintiff the following instrument:

"NEW YORK, *Nov.* 30*th*, 1896.

"This is to certify that Mr. P. Gallagher is entitled to the sum of three thousand and seventy-five 60/100 ($3,075 60/100), having supplied materials and done work amounting, in our judgment, to that sum, over and above amounts of previous payments, and being the balance in full. Given according to contract for mason & carpenter work at No. 118 East 22nd St., N. Y., for Mrs. S. S Minturn.

"$3,075.60 balance of contract.

"HOPPIN & KOEN,

"*Architects.*"

From the evidence of the architects called by the plaintiff it appeared that this certificate was given before all of the work was finished, because, as the architects understood, Mrs. Minturn expected to sail for Europe and would want to have this information as to the amount due from her before she sailed; but at the time this certificate was given, the architects did not know of this defect in the flue, or of the other defects of which testimony was offered by the defendant. The court held that this certificate of the architect was binding upon the defendant, and that, under the contract, such certificate was conclusive upon the parties as to the final payment in the absence of proof of corruption, bad faith or misconduct, or palpable mistake appearing on the face of the certificate, and that neither party in default of proof of such facts can be allowed to show that the architects decided wrongfully as to the law or facts.

The evidence which was offered by the defendant, and which was rejected by the court, tended to show that the cost of remedying this work improperly done by the plaintiff would be $970.50, but the court, upon the ground before stated, held that the certificate given by the architect was final and conclusive upon the defendant. The contract evidently contemplated a certificate by the architects as a condition precedent for any liability of the defendant to pay to the plaintiff the amount specified in the contract. She, however, expressly agreed that, in consideration of the covenants and agreements being strictly performed and kept by the plaintiff, she would pay to him the amount named in the contract, the final payment to be made upon the completion and acceptance of the work by the architects, provided that a certificate should be obtained from and signed by said architects. The certificate which has been held to be final and conclusive upon the defendant does not in express terms certify that the contract has been complied with, or that the architects had accepted the work. It does certify that the plaintiff is entitled to the sum of $3,075.60, being the balance due in full, and that it was given according to the contract mentioned. The certificate, therefore, is not in exact compliance with the contract. The evidence is that, at the time the certificate was given, the plaintiff had not entirely completed all the work that he was required to do in finishing the building. Assuming, however, that the certificate was sufficient as to the completion of the work and acceptance by the architects, we think that nothing in the contract prevented the defendant from showing that the plaintiff had failed to complete the work in some particulars according to contract, or that the certificate was, in fact, false, so as to preclude the defendant from demanding, as a set-off, the amount of damages sustained by reason of a failure on the part of the plaintiff to perform his contract.

There is a class of cases in which it has been held that, where the parties to a contract of this character have agreed that the question as to the completion of the contract shall be referred to a person designated, and that his decision upon the question of the completion of the contract shall be binding upon both parties, the court will enforce such an agreement, and that the certificate or decision of the arbitrator so selected is not subject to attack. The latest case cited to us upon this point is that of *Smith* v. *Mayor* (12 App. Div.

393). By the contract under consideration in that case it was provided that " the action of the engineer, by which the contractor was to be bound and concluded, according to the terms of the contract, should be evidenced by a final certificate, which final certificate might be made without notice to the contractor of it, or of the measurements upon which the same was based." It was held that " from the terms of the contract, the engineer's return and certificate, unless they can be successfully attacked, furnish conclusive evidence of the measurements in accordance with which the plaintiffs would be entitled to payment." But in this case there was no such provision. The parties did not agree that they would be bound by the decision of the architects as to the final completion of the building. The certificate of the architects was a condition precedent to the right of the plaintiff to recover the final payment to be made under the contract; but nowhere does it appear that the defendant had stipulated that a certificate of the architects that the amount was due from her was to be final and conclusive upon her as to a performance by the contractor of the contract in all particulars. The consideration upon which she agreed to pay the sum specified was the strict performance by the plaintiff of the covenants and agreements contained in the contract. Upon such performance of the covenants and agreements contained in the contract, and an acceptance of the work by the architects, evidenced by a certificate of the architects, she covenanted to pay the contract price; but nothing in this contract would justify a finding that either party understood that he was absolutely bound by such a certificate so as to be precluded from showing that the contract had not been complied with.

It is well settled on the one hand that a refusal by the architect to give such a certificate, not based upon a good and substantial reason, excuses the performance of the condition; and on the other hand it must be clear that the certificate of an architect given when, in fact, the building has not been completed, or when, in fact, there has not been a substantial compliance by the contractor with the contract, would not bar the defendant from showing such failure of the contractor to complete the contract and from recovering the damages sustained by reason of the breach of the contractor of the agreement on his part. The contractor in this case admits that in

one particular he failed to comply with the contract. No clear explanation is made by him of this failure, and it is not seriously disputed but that the fact that two fireplaces were connected with one flue was a failure to comply with the plans and specifications. There are also particulars in which the work done was not such as was called for by the contract. The condition of the stairs and doors and other woodwork was evidently not such as was called for by the contract, and I think it quite clear that the defendant was entitled to have her evidence considered and passed upon by the court, and was entitled to be allowed a reasonable sum for the failure by the plaintiff to complete his contract.

I think, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ.; concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.